IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 15-12964-jps |
| | ) | |
| KIMBERLY R. UBER | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Jessica E. Price Smith |

**RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 3**

Now comes Quantum$^3$ Group, LLC as agent for Sadino Funding LLC ("Quantum$^3$"), and hereby responds to the Objection to Quantum$^3$'s proof of claim (the "Objection"), filed January 23, 2017 by Kimberly Uber (the "Debtor"). Quantum$^3$ filed claim number 3 (the "Claim") in the case of the above-captioned debtor.

In response to the Objection, Quantum$^3$ states (i) the proof of claim was executed and filed in accordance with Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) the amount of the claim as listed on the proof of claim reflects the total balance due for the account with Applied Card Systems Inc. in the name of the Debtor as of the filing of the Chapter 13 petition; (iii) the proof of claim as filed constitutes prima facie evidence of the validity and amount of the claim; and (iv) the objection fails to put forth any evidence to rebut the presumption of the validity of the proof of claim. Accordingly, the Objection should be overruled, and the claim of Quantum$^3$ should be allowed as filed. In support of its response, Quantum$^3$ states as follows:

**BACKGROUND**

1. On May 22, 2015, the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of Ohio.

2. On July 9, 2015, Quantum[3] filed its proof of claim asserting an unsecured claim against the Debtor's estate in the amount of $3,149.62. The claim also listed Applied Card Systems Inc. as another name the creditor used with the Debtor.

3. On January 23, 2017 the Debtor filed an objection to Quantum[3]'s proof of claim.

4. On February 9, 2017 and February 16, 2017, Quantum[3] amended its proof of claim by attaching a copy of Debtor's current account summary reflecting Debtor's balance as of the petition date, the Bill of Sale and Assignment of Accounts for Debtor's account.

## DISCUSSION

5. In the Objection, the Debtor contends that Quantum[3]'s claim should be disallowed in its entirety because the Claim failed to attach certain documentation including evidence of the agency relationship between Quantum[3] Group, LLC, Sadino Funding LLC and Applied Card Systems Inc. or the assignment of the debt from Applied Card Systems Inc. to Sadino Funding LLC.

6. Debtor also contends that the Claim should be disallowed because the Claim did does not specify how the Debtor was obligated and the Debtor cannot identify the original creditor.

7. On the petition date however, the Debtor filed her Schedule F identifying Applied Bank as an unsecured creditor for a revolving credit card account ending in 2424.

8. The Claim was executed and filed in accordance with the Federal Rules of Bankruptcy Procedure. Additionally, the supporting documentation attached to the Claim establishes that Sadino Funding LLC acquired the debt by assignment from Applied Card Systems Inc. and supports the conclusion that Quantum[3] is an agent for the current owner of the debt.

9. Moreover, pursuant to Rule 3001(c)(1) of the Federal Rules of Bankruptcy Procedure, the underlying account documentation is not required to be attached to a proof of claim for a revolving credit account .Consequently, a creditor's failure to provide this information under Rule 3001(c)(1) is not itself a ground for disallowance of the claim.

10. The Claim was executed and filed in accordance with the Federal Rules of Bankruptcy Procedure. The Claim identifies the creditor, to whom the obligation is owed, states the basis of the Claim, the amount of the Claim, and the account number used to identify the Debtor. The Claim was executed by an agent for the current owner of the debt and filed prior to the expiration of the bar date. Accordingly, pursuant to Rule 3001(f) of the Bankruptcy Rules, the Claim constitutes *prima facie* evidence of the validity and the amount of the Claim.

11. Therefore, Debtor's Objection is inadequate to warrant disallowance of the Claim. Debtor's Objection does not refute the evidence of the amount due on the Claim, and Debtor has failed to negate the prima facie validity of the Claim.

12. Accordingly, the Objection to Quantum[3]'s Claim should be overruled and Quantum[3]'s Claim should be allowed in the amount of $3,149.62.

## **CONCLUSION**

**WHEREFORE,** Quantum[3] respectfully requests this Court enter an order overruling the Debtors' Objection and allowing the Claim as filed.

DATE: February 24, 2017	Respectfully submitted,

/s/ *Amanda P. Parker*
Kate M. Bradley (0074206)
Amanda P. Parker (0092925)
Brouse McDowell, LPA
388 South Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Fax: (330) 253-8601
kbradley@brouse.com
aparker@brouse.com

***Counsel for Creditor,
Quantum$^3$ Group, LLC***

# CERTIFICATE OF SERVICE

I, Amanda P. Parker, hereby certify that on February 24, 2017, a true and correct copy of the *Response to Debtor's Objection to Proof of Claim No. 3* was served via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

- William C. Behrens at billbehrens@dannlaw.com, notices@dannlaw.com; sarah@dannlaw.com; mdann@dannlaw.com;bflick@dannlaw.com
- Edward J. Boll on behalf of Bank of America, N.A. at nohbk@lsrlaw.com
- Marc E. Dann on behalf of debtor at mdann@dannlaw.com, sarah@dannlaw.com; notices@dannlaw.com; billbehrens@dannlaw.com;bflick@dannlaw.com
- Marc E. Dann on behalf of debtor at notices@dannlaw.com, sarah@dannlaw.com; notices@dannlaw.com; billbehrens@dannlaw.com;bflick@dannlaw.com
- David M. Douglass on behalf of State of Ohio Department of Taxation at douglassecf@douglasslaw.com
- Brian D. Flick bflick@dannlaw.com, bflickecf@gmail.com; notices@dannlaw.com; sarah@dannlaw.com
- Peter Michael O'Grady on behalf of Ford Motor Credit Company, LLC at bknotice@reimerlaw.com
- Craig H. Shopneck ch13shopneck@ch13cleve.com, cshopneck13@ecf.epiqsystems.com
- United States Trustee (Registered address)@usdoj.gov

**And by regular U.S. mail, postage prepaid, on the following parties**:

Kimberly R. Uber
12601 Eastwood Boulevard
Cleveland, OH 44125

                                           */s/ Amanda P. Parker*
                                           Amanda P. Parker (0092925)
                                           BROUSE MCDOWELL, LPA
                                           388 S. Main Street, Suite 500
                                           Akron, Ohio 44311
                                           Telephone: (330) 535-5711
                                           aparker@brouse.com

987104.2